UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

| | |
|---|---|
| THE NORTHERN ASSURANCE COMPANY OF AMERICA | ADMIRALTY – Rule 9(h) |
| | CIVIL ACTION NO. |
| versus | |
| | DIVISION |
| ABC MARINE, LLC, AUDUBON BRIDGE CONSTRUCTORS, FLATIRON CONSTRUCTION CORP., and FORT CALUMET COMPANY | JUDGE |
| | MAGISTRATE |

## COMPLAINT FOR DECLARATORY JUDGMENT

NOW INTO COURT, through undersigned counsel, comes Plaintiff The Northern Assurance Company of America (hereinafter "Northern Assurance" or "Plaintiff"), and, as and for its Complaint for Declaratory Judgment against the aforesaid Defendants, alleges upon information and belief as follows:

## JURISDICTION

1.

This action is filed under and pursuant to the Federal Declaratory Judgment Act, 28 U.S.C. §2201.

2.

The following issues constitute questions of insurance coverage under Admiralty or Maritime contracts of insurance, to-wit a Marine Insurance Package and an Excess Protection & Indemnity policy, and thereby come within the Admiralty and Maritime jurisdiction of the United States District

Page 1 of 14

Court, pursuant to Title 28 U.S.C. §1333 *et seq.*, within the meaning of Rule 9(h) of the Federal Rules of Civil Procedure and within the Admiralty and Maritime and/or supplemental jurisdiction of the United States and of this Honorable Court.

3.

An actual controversy of a justiciable nature exists between Plaintiff and Defendants involving rights and obligations under marine contracts of protection & indemnity insurance and, depending on the construction of said contracts, the aforesaid controversy can be determined by a judgment of this Court, without further suit.

## PARTIES

4.

At all times pertinent, Plaintiff Northern Assurance was a foreign insurer domiciled in Vermont with its principal place of business in Massachusetts, and was duly licensed to issue policies of protection & indemnity insurance in the State of Louisiana.

5.

Made Defendant herein are the following:

A. ABC MARINE, LLC (hereinafter "ABC"), on information and belief a Louisiana limited liability corporation, with its agent for service of process being the CT Corporation System, 5615 Corporate Boulevard, Suite 400B, Baton Rouge, Louisiana, 70808;

B. AUDUBON BRIDGE CONSTRUCTORS (hereinafter "Audubon"), on information and belief a foreign joint venture, with its agent for service of process being CT Corporation System, 5615 Corporate Boulevard, Suite 400B, Baton Rouge, Louisiana 70808;

C. FLATIRON CONSTRUCTION CORP. (hereinafter "Flatiron"), on information and belief a Colorado corporation with its principal place of business outside Louisiana, with its agent for service of process being The Corporation Company, 1675

Broadway, Suite 1200, Denver, Colorado 80202;

D.     FORT CALUMET CORPORATION (hereinafter "Fort Calumet"), on information and belief an Illinois corporation with its principal place of business outside Louisiana, and with its agent for service of process being Larry J. Kibbon, 929 West Adams Street, Chicago, Illinois 60607.

6.

All of the aforesaid Defendants are licensed to do and/or doing and/or at various times pertinent have done substantial business in the State of Louisiana and in this District, such that suit against them in this Court is proper.

## THE NORTHERN ASSURANCE POLICIES

7.

On or before September 15, 2007, Northern Assurance was solicited to provide to ABC, and thereafter delivered to ABC, a Marine Insurance Package, bearing Policy Number N5JH01573, to provide, *inter alia*, protection & indemnity coverage (hereinafter referred to as the "Primary Policy").

8.

On or before September 15, 2007, Northern Assurance was solicited to provide to ABC, and thereafter delivered to ABC, an Excess Protection & Indemnity Policy, bearing Policy Number N5JH01574, to provide excess protection & indemnity coverage over and above that provided by the Primary Policy (hereinafter referred to as the "Excess Policy").

9.

A copy of the Primary Policy, the terms and conditions of which are incorporated by reference as if fully restated herein, is annexed hereto as Exhibit "A".

Page 3 of 14

Case 3:09-cv-01074-SRD-DEK   Document 1   12/28/09   Page 3 of 14

10.

A copy of the Excess Policy, the terms and conditions of which are incorporated by reference as if fully restated herein, is annexed hereto as Exhibit "B".

11.

The Primary Policy and the Excess Policy were both for a term beginning at 12:01 a.m. on September 15, 2007 and ending at 12:01 a.m. on September 15, 2008.

12.

Now pending before the United States District Court for the Middle District of Louisiana is a matter entitled *Scott Littlepage v. ABC Marine, LLC, et al.*, bearing Docket Number 3:08-cv-00242-JJB-DLD, wherein Claimant Scott Littlepage (hereinafter "Littlepage" or "Claimant") has asserted entitlement to various damages for alleged personal injury from Defendants ABC, its allegedly affiliated entities Audubon and Flatiron, and Fort Calumet (hereinafter the "Littlepage Matter").

13.

In relation to the Littlepage Matter, Fort Calumet has asserted that it is entitled to additional assured status under the Primary Policy and/or the Excess Policy.

14.

In relation to the Littlepage Matter, Littlepage has asserted that he is entitled to the recovery of punitive damages.

15.

With respect to the claims submitted by Fort Calumet and Littlepage, which are the subject matter of this declaratory judgment action, the claim is for an amount in excess of $75,000.00,

exclusive of interest and costs.

16.

By this declaratory judgment action, Northern Assurance seeks judicial confirmation of its right to deny the subject claims in whole or in part for the reasons more specifically identified below.

17.

The Primary Policy provides in pertinent part as follows:

**MARINE INSURANCE PACKAGE**

**SECTION I – GENERAL CONDITIONS**

\* \* \*

14. **PRIVILEGE TO ENTER INTO RELEASED AGREEMENTS**

> It is understood by this Company that the Assured or charterers of vessels insured hereunder, in the course of their business are required to assume liabilities or to grant releases from liability or other forms of waivers of subrogation and/or name others as additional Assureds hereunder and it is especially agreed that the Assured is hereby given the privilege to effect such contracts or agreements as might be required or necessary, anything to the contrary contained elsewhere in this policy notwithstanding. Such provisions shall be deemed to be automatically incorporated in this policy whether or not so endorsed herein. The existence of any such contracts or agreements shall not prejudice any claim hereunder.
>
> It is further agreed during such time as the Assured may be working for or on behalf of their customers, or as may otherwise be required by contract, the following provisions shall automatically apply to this policy to the extent required by contract or agreement:
>
> A. The Assured's customer shall be considered as an Additional Assured with a Waiver of Subrogation and waiver of any limitation of liability policy provision which would reduce the amount of recovery the

customer would otherwise to legally entitled to. Such naming and waiving shall not effect any rights of recovery the Additional Assured would have had in the absence of such naming and waiving.

B. This policy shall be primary insurance without right of contribution with respect to any other insurance carried by an additional Assured.

C. This policy shall not be cancelled or materially changed without at least thirty (30) days prior written notice to the additional Assured, except ten (10) days notice shall be given in the event of non-payment of premium.

D. Additional Assured's shall not be liable for any premium due hereunder.

\* \* \*

21. **CONTRACTUAL LIABILITY**

    A. In consideration of the premium charged, it is hereby understood and agreed that this Policy is extended to cover any liability imposed upon the Assured, which liability is assumed under any contractual agreements entered into by the Assured provided that such liability be of a nature of one or more of the liabilities otherwise covered by the terms of this Policy and, thereof, recoverable therein. It is further understood and agreed that this insurance shall respond to and indemnify by others, as required by such agreements referred to above, as if such other parties were included as Additional Assured herein.

    B. Where the Assured is required to provide full limits of liability in this Policy to an Additional Assured who is not owner of an insured vessel, it is agreed that underwriters delete the clause which limits recovery to no greater to no longer extent that if such Additional Assured were the owner of an insured vessel, it is agreed that underwriters delete the clause which limits recovery to no greater extent than if such

Additional Assured were the owner of an insured vessel.

* * *

31. **PUNITIVE DAMAGE EXCLUSION**

    Notwithstanding anything contained to the contrary, this policy excludes any liability imposed on the Assured as punitive or exemplary damages however described; but this exclusion shall not apply to punitive or exemplary damages against the Assured arising out of the action and/or inaction of the Assured which are at the direction or with the agreement of the Assurer or their attorney(s) or other representative.

* * *

**SECTION III – PROTECTION & INDEMNITY INSURANCE**

* * *

14. **CREW WARRANTY**

    In consideration of the premium charged, it is warranted that coverage hereunder is provided for not more than "AS PER SCHEDULE" crew members aboard the insured vessel(s) at any one time. Also, warranted that in the event additional crew are to be covered hereunder, the assured shall give prior notice to this company and pay such additional premium as is required. If the assured shall fail to give such prior notice and at the time of loss in respect to crew there are more crew on board, this insurance shall respond only in proportion to that the stated number of crew bears the number on board at the time of the accident.

* * *

## SCHEDULE OF VESSELS

\* \* \*

      **Vessel**                          **Crew**

\* \* \*

15.    4100 Ringer Crane Barge      excluded

18.

The Excess Policy provides in pertinent part as follows:

**AMERICAN INSTITUTE OF MARINE UNDERWRITERS
FOLLOWING FORM EXCESS MARINE LIABILITY CLAUSES**

\* \* \*

1. Insures _____ABC Marine, LLC_____ (hereinafter called the Assured) against excess liabilities of the Assured as hereinafter described and subject to the terms and conditions hereinafter set forth, in respect only of the liabilities or expenses for which a premium is shown in the following schedule:

| **SECTIONS** | **COVERED** |
|---|---|
| (a) Excess Protection & Indemnity | ☒ |

\* \* \*

**EXCESS PROTECTION AND INDEMNITY**

(a) These Underwriters agree to indemnify the Assured for all liability, loss, damage or expense insured against under the Protection and Indemnity policies described in the Schedule of Underlying Insurances (hereinafter referred to in this section and in the General Conditions as the "Primary Policies"); but this insurance is warranted free from claim hereunder unless such liability of the primary policies are in respect of the same accident (or occurrence, if the limits of liability of the primary policies are written on an occurrence

basis) exceeds the Limits of Liability of the Primary Policies in which event these Underwriters shall be liable only only for the amount by which such liability exceeds such underlying Limits of Liability, but in no event for more than the Limit of Liability of this insurance.

\* \* \*

## SCHEDULE OF INSURANCES

| **Location or Vessel** | **Column "B" Primary Limit of Liability** |
|---|---|
| \* \* \* | |
| 15.  4100 Ringer Crane Barge | $1,000,000 IMU Policy N5JH01573 |
| \* \* \* | |

## PUNITIVE DAMAGES EXCLUSION

Notwithstanding anything contained to the contrary, this policy excludes any liability imposed on the assured as punitive or exemplary damages, however, described.

## THE CLAIMS

19.

In the Littlepage Matter, Littlepage is alleged to be a seaman and member of the crew of the 4100 Ringer. Paragraph V of the Seaman's Complaint alleges that Littlepage was "a member of the crew of the derrick vessel known as the 4100 Ringer (crane barge)[.]" Further, the Second Supplemental and Amended Complaint again alleges (at Paragraph 4) that Littlepage was "a member of the crew of the derrick barge known as 4100 Ringer[.]"

20.

In the Littlepage Matter, Littlepage alleges entitlement to punitive or exemplary damages. (Second Supplemental and Amended Complaint, at Paragraph 21(C)).

21.

Fort Calumet claims to be entitled to status as an Additional Assured under the Primary Policy as to the claims asserted by Littlepage against Fort Calumet, by virtue of an Equipment Lease Agreement between ABC and Fort Calumet.

## AS AND FOR A FIRST CAUSE OF ACTION

22.

Northern Assurance reavers and realleges all preceding paragraphs of the Complaint for Declaratory Judgment as if restated herein *in extenso*.

23.

In the Littlepage Matter, Littlepage sues for injuries allegedly sustained while serving as a member of the crew of the 4100 Ringer Crane Barge.

24.

The clear terms of the Primary Policy exclude any coverage pertaining to claims by the crew of the 4100 Ringer Crane Barge.

25.

The Excess Policy is a "follow form" policy, and exclusion of coverage for claims by the crew of the 4100 Ringer Crane Barge under the Primary Policy results in the exclusion of coverage for such claims under the Excess Policy.

26.

Based on the averments of the pleadings and the plain language of the Northern Assurance policies, none of the Defendants herein is entitled to a defense and/or coverage under either the Primary Policy or the Excess Policy for the claims asserted by Littlepage in the Littlepage Matter.

27.

By virtue of the foregoing, all Defendants are precluded from coverage under the Primary Policy and the Excess Policy for the claims asserted in the Littlepage Matter.

**AS AND FOR A SECOND CAUSE OF ACTION**

27.

Northern Assurance reavers and realleges all preceding paragraphs of the Complaint for Declaratory Judgment as if restated herein *in extenso*.

28.

In the Littlepage Matter, Littlepage claims entitlement to punitive or exemplary damages.

29.

The clear terms of the Primary Policy exclude any coverage for punitive or exemplary damages.

30.

The clear terms of the Excess Policy exclude any coverage for punitive or exemplary damages.

31.

Based on the averments of the pleadings and the plain language of the Northern Assurance policies, none of the Defendants herein is entitled to a defense and/or coverage under either the

Primary Policy or the Excess Policy for the punitive or exemplary damages claims asserted by Littlepage in the Littlepage Matter.

32.

By virtue of the foregoing, all Defendants are precluded from coverage under the Primary Policy and the Excess Policy for the punitive or exemplary damages claims asserted in the Littlepage Matter.

## **CONCLUSION AND PRAYER**

33.

By virtue of all of the foregoing, Plaintiff avers that, by virtue of the exclusion of crew coverage for the 4100 Ringer Crane Barge, it is entitled to a Declaratory Judgment declaring that it owes no coverage under either the Primary Policy or the Excess Policy to any Defendant for the claims asserted by Littlepage in the Littlepage Matter.

34.

By virtue all of the foregoing, Plaintiff avers that, pursuant to the Punitive Damage Exclusion of the Primary Policy and the Punitive Damages Exclusion of the Excess Policy, it is entitled to a Declaratory Judgment declaring that it owes no coverage under either the Primary Policy or the Excess Policy for the claims for punitive or exemplary damages asserted by Littlepage in the Littlepage Matter.

WHEREFORE, Plaintiff The Northern Assurance Company of America prays as follows:

1. That a Declaratory Judgment issue from this Court declaring as a matter of law that The Northern Assurance Company of America owes no coverage under either the Primary Policy or the Excess Policy to any Defendant for any of the claims asserted

by Littlepage in the Littlepage Matter.

2. In the alternative, that a Declaratory Judgment issue from this Court declaring as a matter of law that The Northern Assurance Company of America owes no coverage under either the Primary Policy or the Excess Policy for the punitive or exemplary damages claims asserted by Littlepage in the Littlepage Matter.

3. That the Court grant to The Northern Assurance Company of America all such general relief as may be just and proper within this Court's Admiralty and Maritime Jurisdiction.

Respectfully submitted,

PREIS & ROY
(A Professional Law Corporation)

_____
JOSEPH E. LEE III (La. Bar Roll No. 26968)
601 Poydras Street, Suite 1700
New Orleans, Louisiana 70130
Telephone: (504) 581-6062
Facsimile: (504) 522-9129

-and-

FRANK A. PICCOLO (La. Bar Roll No. 2049)
2000 Bering Drive, Suite 600
Houston, Texas 77057
Telephone: (713) 355-6062
Facsimile: (713) 572-9129

COUNSEL FOR PLAINTIFF THE NORTHERN
ASSURANCE COMPANY OF AMERICA

**PLEASE SERVE:**
ABC MARINE, LLC
Through its agent for service of process:
CT Corporation System
5615 Corporate Boulevard, Suite 400B
Baton Rouge, Louisiana, 70808

AUDUBON BRIDGE CONSTRUCTORS
Through its agent for service of process:
CT Corporation System
5615 Corporate Boulevard, Suite 400B
Baton Rouge, Louisiana 70808

FLATIRON CONSTRUCTION CORP.
Through its agent for service of process:
The Corporation Company
1675 Broadway, Suite 1200
Denver, Colorado 80202

FORT CALUMET CORPORATION
Through its agent for service of process:
Larry J. Kibbon
929 West Adams Street
Chicago, Illinois 60607

1574880